EARL LEWIS v. SECRETARY OF VETERANS' AFFAIRS 2010-71-22 Ms. Cook. Yes, thank you, Judge. Good morning, Your Honors. I'd like to reserve three minutes for rebuttal. The issues in this case are whether the Veterans Court misinterpreted 38 U.S.C. 7104 when it created an exception to the Board's obligation contained in that statute to consider all evidence and material of record, and whether the lower court misinterpreted its own jurisdictional statute. When it made a finding of fact in the first instance. Where did the Veterans Court make this exception? It's at page 8 of the joint appendix. And what it did was excuse the Board from considering evidence that the Board admittedly never looked at during the course of the administrative proceedings. On the grounds that that evidence, according to the court's own finding of fact, was not inconsistent with the negative C&P exam and was general in nature. Using Judge Cassell's opinion that's on the back of your blue brief, can you follow up on that question and point to where in that opinion Judge Cassell addresses the statute that you're citing and interprets it accordingly to the way you're the one with the peculiar statute of limitations that I was referring to earlier. Can you, in answering Judge Lynn's question, could you point specifically to the citation to the statute that's in the opinion and the judge's interpretation of it? He does not cite to the statute. We argued the statute. I argued the statute to him throughout the course of the lower proceedings in the opening brief and the reply brief. The issue would come up somewhat during the course of the earlier proceedings when the record was going to be amended. Because the underlying issue here is that the cold injury report was not part of the record that the Board reviewed. And so I argued, Mr. Lewis argued, that the Board, in keeping with CAVC precedent, that the court had to send the case back so that the Board could consider that in the first instance. And that was presented to the lower court, as I said, in the opening brief, in the reply brief, and then again after this decision was issued in the motion for reconsideration and the motion for en banc consideration, specifically arguing that the lower court was required by its statute and by 7104 to have the Board consider the evidence. And so although Judge Castle does not specifically cite 7104, and it's on page 8 of the joint appendix, it's page 2 of his memorandum decision, the first full paragraph, he says, he acknowledges that the record does not support Mr. Lewis' argument that the Board provided an inadequate statement of reasons or bases for failing to address the articles and a VA-generated report discussing cold injuries. And then he, in other words, the Board is excused from considering that evidence. Why is the Board excused from considering that evidence? Next sentence. The documents are general in nature. Furthermore... I don't think you have to read it that way. Why isn't it appropriate to read that as saying that by admitting the report, the Veterans Court was saying, in effect, that the report was constructively before the Board. There would be no other basis on which to reach that conclusion. And that normally the courts of review would consider whatever evidence in the record to have been considered by the lower tribunal. And the court here is simply saying, well, this is constructively before the Board, and Mr. Lewis doesn't make any, doesn't specifically identify where there might have been an error in overlooking something in that report. It's simply a failure of any appellant to show where there's an error. Well, I think there's two, if I'm understanding you correctly, Judge Lynn, I think there's two questions in your comment. And the first is, did the, and obviously correct me if I'm mistaken, but is the court really just saying, yes, the Board did consider it? And so, and second, is there, is it whatever failure? What I'm saying is I don't, I don't, I don't think that you have to read Judge Passolt's opinion as establishing a rule that the Board is excused from considering anything. Well, the thing that is distinct about this case, though, is that it is acknowledged repeatedly by the secretary, both below and before this court, that the Board did not look at this record. Not that it didn't discuss it, not that it didn't weigh it properly, but that it simply did not look at it. That it was not, it was not part of what the Board looked at. The Board looked at the actual record. Your view is they had an obligation to look at it. Exactly. And they failed to look at it. They failed to look at it. And that's applying the law to those facts. I respectfully disagree, Judge, because it's, it is, if it, to the extent that it's applying law to facts, it is first creating a law. In other words, creating an excuse. The law says they have to consider all evidence, and Judge Passolt says, well, they don't have to consider this evidence because, and then he gives his explanation for why. And second, as an independent problem, in terms of any application of law to fact, is that the Board made no findings of fact. It was Judge Passolt's finding of fact that he, to which he applied the law he invented. The Board never looked at this document, never. And Judge Passolt, for the first time, that anyone during the course of the proceedings looked at it, other than when it was admitted to the record, said, I'm deciding in the first instance that this record, that this report is not inconsistent with the other evidence of record. And therefore, the Board does not have to look at it. He is prohibited, the lower court is prohibited from making that finding of fact in the first instance by its jurisdictional statute. Was that harmless error in view of the fact that the supplemental report was just general, talking about cold injury, and that there had been findings that this particular individual did not suffer from cold injury? No, it's not harmless error because, first, because we don't know what the Board would have done with the report had it looked at it. The finding, the Board could have changed its mind about the adequacy of the medical evidence that weighed against the veteran. It could have decided that even though that evidence was adequate, it could have decided that it wanted more evidence, that it raised questions about whether the record was fully developed at that point. And so it's not harmless error. The outcome, the veteran doesn't have to show that he would have won his case. And we did not argue that the lower court should have granted benefits. We wanted the lower court to send the case back to the Board solely for the purpose of the Board fulfilling its statutory duty in addressing the evidence in the first instance. And in this regard, I think the case is very similar to the case I cited in my brief, which is McGee, where there the lower court failed to order the Board to consider a statute that the Board had ignored because the CAVC created a definition, a new definition of applicable law. And here the lower court failed to order the Board to consider evidence it had ignored. Again, because it created this limited definition. In terms of the second issue, in terms of whether the court had the authority to make a finding of fact in the first instance, the secretary simply maintains that the court did not do that. But in fact, it did. It read the report. It repeatedly, throughout the secretary's brief, he indicates the veteran hasn't demonstrated, demonstrated to the court, but the Board never looked at it. This case was filed in 2001. That's when the veteran filed this case. He was unrepresented at the time. At that point, he was not permitted to hire a lawyer. And on his own, he told the VA about this, about its own report, a report that contains significant information about what happened to men at the Chosin Reservoir, such as this veteran, and about the symptoms that those people suffer, which were the identical symptoms that Mr. Lewis suffers from. And the report corroborates for Mr. Lewis that the symptoms that he feels are real. They're not in his head, which is what the VA has said. And he submitted that information to the Board in the form of a newspaper article, but they never got the report. They never got the medical background to that and nonetheless denied the claim. To me, it is just a clear... The Veterans Court did get the report, is that right? The Veterans Court did have the report. You offered it, the government objected, but the court overruled their objection, if I read the record correctly. That is correct, which is evidence, which is an indication, a finding rather, implicit finding, that the report is relevant because the lower court would not have ordered it added to the record if it were not relevant. And so once that happened, the court, given that the Board never looked at this document and that it was relevant, it wasn't just relevant for this, it was a cornerstone of his case. The question about its relevance, Ms. Cook, the question is whether the information before the Board and, more importantly, from our viewpoint, before the Veterans Court, because that's what we review, whether the information before them was sufficient to support the decision they made. They had this medical report which indicated that it may be true that these studies indicated there were consequences of serving in the Choson Reservoir, if I have the facts correct. But this particular Mr. Dean, while he has a very sad medical history, there's no connection that, according to the medical evidence that was before the Board and before the court. So those reports are relevant to the overall question, but the specific question seemed to have been decided against him on the record. And we can't reweigh that evidence, can we? I agree you cannot reweigh that evidence, and I am not asking that you reweigh the evidence, but the lower court cannot reweigh the evidence either. That's the problem with it making the findings of fact in the first instance. Given that the report was relevant, the court had to send the case back. There may be instances, for example, if the facts are not contested, perhaps then the court does not have to send the case back because perhaps then it becomes a finding of law. But in this case where everyone admits and agrees that the Board never looked at a decidedly relevant, admittedly relevant piece of evidence, the only evidence the veteran on his own was able to submit to the Board and that can affect the Board's analysis of the other evidence, we dispute that the cold injury report is, we maintain that it is inconsistent with that. This court doesn't have to decide that, but the lower court should not have decided that in the first instance. That's a function for the Board because otherwise it turns the entire system into whatever the lower court does, and it deprives the veteran of a review. Ms. Cook, you wanted to save three minutes. We'll give you your three minutes back. Thank you very much. Mr. Vohra. Good morning, Your Honors, and may it please the Court. This court should deny Mr. Lewis's request for relief for three reasons. First, Mr. Lewis raises no issues within this court's jurisdiction. Second, assuming jurisdiction, Mr. Lewis has identified no error in the veteran's court's decision. And third, even if there was an error in the veteran's court's decision, Mr. Lewis has not demonstrated that that error was in any way prejudicial. As to jurisdiction, the veteran's court... Did the lower court engage in fact finding? The lower court considered the cold injury report as, under its own jurisdictional statute and precedent from this court, it was required to do so in order to make a determination as to whether or not there was an error in the Board's decision. Under its statute, the veteran's court can review the record fully? I'm sorry, Your Honor? Under its review statute, the veteran's court is entitled to review the full record from the Board? Can it add to that record? It can, Your Honor. Under 38 U.S.C. 7252B, as further interpreted by 38 U.S.C. 7261B, the veteran's court is required to consider the entire record both before the Board and the Secretary. And under 7261B, the court has to consider whether or not any alleged error by the Board was prejudicial. How can the veteran's court consider whether there was any error when the document wasn't considered by the Board? Well, Judge Linna, as you pointed out, the veteran's court, recognizing that the document was not before the Board, under this idea of constructive notice, which has been articulated in the veteran's court's own jurisprudence, allows it to consider evidence that was both before the Board and in possession of the Secretary. And based upon its determination that this cold injury report was a VA-generated document, it was then in possession of the Secretary and it could take constructive notice of it for purposes of its own appellate review to determine whether or not there was any prejudicial error by the Board not addressing that report. Review in the court shall be on the record of proceedings before the Secretary and the Board. The extent of the review shall be limited to the scope provided in Section 7261 of this title. Now, if I hear you correctly, what you're saying is that the veteran's court presumed that the report, the VA report, was actually before the Board because it was part of a VA undertaking. But the evidence was to the contrary, wasn't it? Well, it didn't presume that it was actually before the Board. It recognized that the record had never actually been presented, or the report had never actually been presented to the Board. It said it was constructively before the Board. So it reviewed not the record of proceedings before the Secretary and the Board, but it reviewed the record of proceedings before the Secretary and the Board as enlarged by the Court of Veterans Affairs. Well, I think record of proceedings before the Secretary and the Board presumes that the record of the Board may be enlarged to include the record before the Secretary, and that's where this idea of constructive notice comes from, the notion that this document, although not presented to the Board, because it was generated by the VA, can be included. It seems quite odd to me that the veterans court would say, well, all right, fine, we're going to include this report so that it's part of the record, but that, in effect, we're just going to assume that it was fine and it was considered unless the veteran somehow establishes that there was some discrepancy. It just strikes me as odd as to why the veterans court would enter this in the record if they weren't going to consider it, and since they can't make any findings of fact, that means a remand. Well, Judge Lynn, I'm certainly not going to disagree with your characterization of the veterans court's decision to include it as odd. But that being said, this- Maybe it's not so odd that they included it, but odd that they included it and then didn't immediately thereafter remand the question. Right. Well, this notion of constructive notice, which the veterans court articulated in Belle v. Derwinski, which Mr. Lewis has cited repeatedly, specifically says, and I understand this court is not bound by the veterans court decision, but under that line of cases, the court says, if such material could be determinative of the claim and was not considered by the board, a remand for adjudication would be in order. But the first clause of that sentence, if such material could be determinative of the claim, suggests that the veterans court does have to make some sort of determination as to whether or not the piece of evidence that is subject to the dispute could, in fact, have an outcome upon the veterans claim for benefits. And that, the notion that the veterans court has to make such a consideration is consistent with the requirement of the veterans court under Section 7261B to take account of the rule of prejudicial error. And as this court explained in Newhouse, that statute, 7261B, does not limit the veterans court's inquiry to facts as found by the board, but rather requires the veterans court to review the proceeding, the record of proceedings before the secretary and the board in determining whether a VA error is prejudicial. So assuming the lack of inclusion of the cold injury report was an error, the veterans court under 7261B is still required to make a determination, even if the board has not made a specific finding of fact as to that specific document, whether or not the lack of consideration was an error. Here, that's all the veterans court did. It did not make a finding of fact that this court has said is improper under cases such as Hensley. Instead, it simply said, for purposes of considering whether or not there was an error in the board's decision, we are looking at this cold injury report and recognizing that the board based its decision on a far more specific and more recent examination of Mr. Lewis that included a consideration of all his cold injury-related symptoms that acknowledged that he had, in fact, been exposed to extreme conditions while in service in Korea and simply concluded that notwithstanding those facts, his symptoms did not demonstrate a service-connected cold injury. The veterans court determined that based upon that specific finding, this cold injury report that predated that examination by four years, that did not speak directly to Mr. Lewis or his specific symptoms, did not in any way demonstrate an inconsistency with the specific examination or in any way cast doubt upon it. I take it your argument is that to the extent his injuries could be related to a cold injury resulting from his service, they recognized that potential. That's correct. Which is what these reports brought to the surface. That's correct, Your Honor. If the 2006 VA examination had said, we refuse to acknowledge the possibility that exposure to extreme cold conditions could result in a cold injury for which service connection was available, then admittedly there would be a problem. But that's not what the examination held. The examination held just the opposite, that, in fact, Mr. Lewis had, in fact, been exposed to extreme conditions, but that, nonetheless, his specific symptoms simply did not demonstrate a service-related, a service-connected cold injury. I take it, for once, the government is not arguing we are without jurisdiction because of the finality question. I take it there's no finality issue. Half this case is going back on remand, which ordinarily would create finality problems. But in this context, it's not so. No, it's not so, Judge Flager. And the reason it's not is because Mr. Lewis had his cold injury claims, as well as some claims related to pneumonia, which were remanded. But those claims, our position is those claims are not inextricably intertwined, such that the decision upon his cold injury can be considered by this court. There are certainly other jurisdictional concerns we've raised, specifically that the Veterans Court decision did not speak to either 7104 or 7252B, but that, of course, does not speak to your finality question. Finally, even if this court finds there was an error in the Veterans Court finding no error in the board's decision, that error was harmless for the reasons I've already explained, because the cold injury report in question was, in fact, general in nature and does not cast any doubt upon the more recent, more specific VA examination that was conducted prior to concluding that Mr. Lewis did not have a service-related, service-connected cold injury. Unless the panel has any further questions, we ask that you dismiss Mr. Lewis's appeal or, in the alternative, affirm the decision of the Veterans Court. Thank you, Mr. Horwath. Ms. Cook, there's a little rebuttal time. Yes, thank you, Judge. I'd like to just briefly address Newhouse, because in that case, the court presumed that the board reviewed a complete and accurate record, and the facts that the lower court used to find harmless error were uncontested. And yet, this is not a complete and accurate record. It's admitted. I mean, this is a case where, instead, the board simply did not have the entire record before it when it made the decision, and in keeping with CAVC precedent, it was required to send the case back. And in that regard, it is the same as Hensley. In Hensley, the lower court on its own reviewed the Agent Orange report, and this court ruled that that was not. Ms. Cook, what is the current status of your client's benefits? He has been granted a 10% rating for a psychiatric disorder, because the VA considers his symptoms that he has described as psychogenic. That's the only benefit he's currently getting from either the military or the VA? Yes, yes. In terms of the inconsistencies that the secretary's counsel described, these are all findings that have to be made by the board. Throughout the appendix, pages 41, 48, 57, 60, 51, 57, the cold injury report says things that directly contradict what the examiner said. And again, the lower court said, no, they didn't, but that's not its role. That has to go back to the board. And it is not harmless error, because as a result of the lower court's finding and misinterpretation of the law, relevant evidence was left out of the record. And as I noted, the board might have found that the exam that it relied on was inadequate or it may have decided to get more evidence on the issue. This is an exact example that the Supreme Court recently used in Sanders as an error that is obviously prejudicial, excluding evidence. This court has recognized it in Wagner at 365 Fed Third. If an accessional component of their trial is missing, then it's not harmless error. And this court said, we're not going to speculate about what would happen below given an error. And yet, that is what the secretary is asking this court to do now, is to speculate that everything would be the same, even though this critical piece of evidence was excluded. Thank you. Thank you, Ms. Cook. Case is submitted.